**JOS. M. ZAMOISKI CO., Plaintiff,**

v.

**DISCOUNT SALES CO., Defendant.**

**Civ. A. No. 387–59.**

United States District Court

District of Columbia.

Oct. 13, 1960.

Shinberg & Shinberg, by Leon M. Shinberg, Washington, D. C., for plaintiff.

Samuel M. Greenbaum, Washington, D. C., for defendant.

Whiteford, Hart, Carmody & Wilson, by Philip S. Peyser, Washington, D. C., for garnishee.

McLAUGHLIN, District Judge.

This is a motion for a judgment of condemnation filed by plaintiff, The Jos. M. Zamoiski Co., against the garnishee, The National Bank of Washington. The facts giving rise to this motion are as follows: On February 11, 1959, a suit was filed by plaintiff against defendant, Discount Sales Co., for money due. Subsequent to the filing of the suit an attachment was instituted against defendant's funds in the hands of the National Bank of Washington, and bank deposits in the sum of $2,695 were attached.

In April, 1959, a partial judgement in the amount of $1,351.18 was entered and judgement of condemnation had thereon. On May 5, 1959, a praecipe of satisfaction of that judgement was entered with the Court.

On June 6, 1960, a final judgement of $2,155.50 was entered. The plaintiff now

seeks satisfaction of this judgement by condemnation of the remainder of the attached funds in the hands of the garnishee.

The garnishee opposes this motion and states that subsequent to the entry of the praecipe of satisfaction following the judgement of condemnation in April, 1959, it released the balance of funds in the account and that they are now disbursed. Garnishee argues that under the law there can be only one judgement of condemnation in each case and that such judgement must follow the ultimate determination of the controversy. The garnishee contends that when it responded to the first judgement of condemnation it had a right to assume that this represented a final adjudication of the rights of the parties and that it should not be held liable for having thereafter released the balance of the account.

Thus, the issue here presented is whether a judgement of condemnation, before an ultimate determination of all the claims in the case has been had, operates to permit the garnishee, without risk of liability, to release the balance of the assets garnished. This is apparently a matter of novel impression in our courts. Counsel for both parties have advised the Court that they have found no authority precisely in point, and the Court in its own research has likewise found none.

The Court is unable to accept the solution proposed by counsel for the garnishee bank. It is true that Title 16, Section 319 of the D.C.Code (1951 Ed.) provides that "Final judgement shall not be rendered against the garnishee until the action against the defendant is determined". But Title 13, Section 216 of the Code, provides for the taking of a partial final judgement, following which "the plaintiff may prosecute the remainder of his claim in the same suit and have a further final judgement or decree". Taking these statutes together, the Court feels it would be unreasonable to restrict a plaintiff in all circumstances to a single final judgement of condemnation following which the garnishee would be free to release any remaining funds.

Instead, the Court feels that this matter depends on a determination as to which of the parties, plaintiff or garnishee, was at fault in permitting the present situation to develop. It is a well established rule that where one of two innocent parties must suffer, the one whose conduct caused or permitted the situation to develop must bear the loss. Zendman v. Harry Winston, Inc., 305 N.Y. 180, 111 N.E.2d 871, 36 A.L.R.2d 1355; Champa v. Consolidated Finance Corp., 231 Ind. 580, 110 N.E.2d 289, 36 A.L.R.2d 185; Motor Credit Corp. v. Woolverton, Fla., 99 So.2d 286, 72 A.L.R. 2d 334.

On the question of fault, the Court finds the following circumstances to be relevant and controlling. First, the partial judgement, entered in April, 1959, and the judgement of condemnation had thereon, both recited that this was a "partial judgement". Secondly, it is not disputed that on March 12, 1959, before garnishee was called on to pay out any of the attached money, it received a letter from plaintiff's counsel, which letter stated in part "We have moved for summary judgement as to the amount of $1351.18, and this sum will be condemned as soon as the judgement is entered. *It will be necessary for you to hold the balance of the funds until determination of the case.*" (Emphasis by the Court.) It seems evident to the Court that these two circumstances, taken together, constituted notice to the bank that the matter was not concluded by the entry of the first judgement. The Court does not question the good faith of the garnishee. Nor does it doubt that the error occurred through inadvertence. But, in the view that the Court takes of the matter, these circumstances of good faith and inadvertence are irrelevant. The evidence presented to the Court demonstrates that the fault causing the situation in which the parties now find themselves was on the part of the garnishee bank.

It is therefore, by the Court, this 13th day of October, 1960, Ordered, that the motion for judgement of condemnation be, and the same is hereby granted.